# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Appeal No. 23-3083 |
| JOHN H. STRAND, | ) |
| Defendant-Appellant. | ) |

**APPELLANT STRAND'S MOTION TO EXCEED THE LIMITS ON THE LENGTH OF BRIEF**

Appellant Strand, by counsel, moves the Court for permission to file an oversized brief. Circuit Rule 28(e). Strand's brief is due October 10, 2023. The government takes no position on the motion and defers to the Court. Compelling reasons support Strand's request.

Strand was convicted on five counts after a six-day jury trial. One of them, charging an obstruction-of-an-official-proceeding offense under 18 U.S.C. § 1512(c), carries a 20-year statutory maximum sentence. Two factors present here warrant an enlarged word limit. First, three of Strand's convictions raise novel legal questions, some of which are questions of first impression. In *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), the Court addressed some of the novel issues that spring from the government's use of § 1512(c) in the Capitol riot cases.

1

However, *Fischer* was a splintered decision that left unresolved a number of pure legal questions pertaining to the obstruction-of-justice statute's application in the context of congressional proceedings involving neither an inquiry nor an investigation. Strand raises some of those unresolved questions here. In addition, Strand raises a legal question of first impression in connection with two of his convictions under 18 U.S.C. § 1752, the restricted area statute.

Second, beyond novel legal questions, Strand raises sufficiency claims on four convictions that are unusually fact intensive. The government called nine trial witnesses. Strand testified at length. Hundreds of exhibits were admitted, many of which featured video and multimedia displays. Evidence also included Appellant's communications stretching back two years. The *Fischer* opinion ran to 107 pages, and yet that case arrived at the Court in a posture of interlocutory review before a trial. Unlike in *Fischer*, sufficiency questions are presented here that necessitate close analysis of six days of trial testimony on a complex set of facts, particularly as they relate to mens rea and § 1512(c)'s "corruptly" element.

Strand believes that a nuanced examination of the factual record here will pay dividends by enabling the Court to conserve judicial resources in future sufficiency appeals concerning the §§ 1512(c) and 1752 charges in the January 6 cases. Accordingly, Strand respectfully requests 23,000 words. He does not

2

oppose any government request for an equivalent extension of the word limit. Strand is grateful for the Court's consideration of this request.

Dated: October 2, 2023              Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorney for John Strand*

## Certificate of Service

I hereby certify that on the 2d day of October, 2023, I filed the foregoing submission with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

## Certificate of Compliance

I hereby certify pursuant to Fed. R. App. P. 32(g) that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Nicholas D. Smith*

3

Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorney for John Strand*
